IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**CHARLES TORNS, JR. #32205**                                                           **PETITIONER**

**VERSUS**                                           **CIVIL ACTION NO. 3:07cv100-DPJ-JCS**

**STATE OF MISSISSIPPI;**
**HINDS COUNTY, MISSISSIPPI**
**JUDICIAL CIRCUIT COURT;**
**and the SUPREME COURTS OF MISSISSIPPI**                       **RESPONDENTS**

<u>MEMORANDUM OPINION AND ORDER</u>

    This matter is before the court, *sua sponte*, for consideration of dismissal.  Petitioner is a inmate incarcerated at the South Mississippi Correctional Institution, Leakesville, Mississippi.  Petitioner filed a motion for a writ of mandamus pursuant to 28 U.S.C. § 1361.  The Petitioner states that on or about August 29, 2006, September 7, 2006, and November 8, 2006, the Petitioner filed "legally sufficient actions to the Hinds County, Mississippi Judicial Circuit Court and [t]he Mississippi Supreme Courts, and requesting judicial redress and process therefore."  (Pet. p. 1).  As of the date of the instant civil action, the petitioner states that he has not received a ruling or decision from any of the respondents.  (Pet. p. 1).  Therefore, the Petitioner requests that this Court order the Respondents to enter a decision on his pending motions and/or actions filed in those state courts.

    Petitioner relies upon 28 U.S.C. § 1361.  That section grants this Court original jurisdiction "of any action in the nature of mandamus to compel an officer or employee <u>of the United States</u> or any agency thereof to perform a duty owed to the Petitioner."  28 U.S.C. § 1361 (emphasis added).  Federal courts have no authority under section 1361 "to issue writs of mandamus to direct <u>state courts and their judicial officers</u> in the performance of their

duties where mandamus is the only relief sought." *Moye v. Clerk, DeKalb County Superior Court*, 474 F.2d 1275-76 (5th Cir. 1973) (emphasis added); *see also Noble v. Cain*, 123 Fed.Appx. 151, *152, 2005 WL 361818, **1 (5th Cir. 2005); *Rhodes v. Keller*, 77 Fed.Appx 261, 2003 WL 22309132, **1(5th Cir. 2003); *Santee v. Quinlan*, 115 F.3d 355, 356-57 (5th Cir. 1997).

The respondents are not officers or employees of the United States and therefore, are not subject to the statutory mandamus authority of this Court.  Therefore, this Court does not have jurisdiction in the nature of mandamus, under 28 U.S.C. § 1361, to direct the respondents to comply with Petitioner's requests.  Further, "[t]he remedy of mandamus is a drastic one, to be invoked only in extraordinary situations." *Kerr v. United States Dist. Ct.*, 426 U.S. 394, 402 (1976).  "Moreover, it is important to remember that issuance of the writ is in large part a matter of discretion with the court to which the petition is addressed." *Id*. at 403.

## CONCLUSION

This Court does not have jurisdiction to issue a writ of mandamus to direct the respondents to enter a ruling or make a decision on the petitioner's pleadings or other court documents.  Therefore, Petitioner's motion for a writ of mandamus [1-1] is DENIED.

A Final Judgment in accordance with this Memorandum Opinion and Order will be entered.

**SO ORDERED AND ADJUDGED** this the 21th day of February, 2007.

              <u>s/ *Daniel P. Jordan III*     </u>
              UNITED STATES DISTRICT JUDGE